UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| COMMUNITY BANK, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs.* | ) | 1:08-cv-01443-WTL-JMS |
| | ) | |
| PROGRESSIVE CASUALTY INSURANCE | ) | |
| COMPANY, | ) | |
|     *Defendant.* | ) | |

## ORDER

Presently before the Court is Defendant Progressive Casualty Insurance Company's ("Progressive") Motion for Leave to File Amended Answer (the "Motion"). [Dkt. 54.] Progressive seeks leave to assert an additional defense in this insurance-coverage dispute: that it is not obligated to reimburse its insured for any unreasonable settlements of the underlying claims. [*Id.*]

As Community Bank appropriately notes, Progressive must satisfy two standards before it can amend its Answer. First, it must satisfy Federal Rule of Civil Procedure 15(a), which governs amendments to pleadings generally. Second, because Progressive's motion to amend came more than nine months after the March 2009 deadline for such motions under the case management plan, [dkts. 24 at 4; 54], Progressive also must satisfy Federal Rule of Civil Procedure 16(b)(4), which governs amendments to case management plans. To the extent that Progressive contends that the Court's ruling on an earlier motion to compel somehow excused any requirement to meet that second standard, Progressive is incorrect. [*See* dkt. 50 at 3 n.3. ("Nothing in this opinion should be read to suggest that Progressive can, or cannot, establish the requirements necessary to amend its answer.").]

Whether or not Progressive could have satisfied the requirements of Rule 15(a), it cannot satisfy the "good cause" requirement of Rule 16(b)(4).  When considering possible good cause to amend a case management plan, courts look to both the diligence of the party seeking to amend the plan and to the potential prejudice to the opposing party.  *Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005); *Kortum v. Raffles Holdings, Ltd.*, 2002 U.S. Dist. LEXIS 21252, at *17 (N.D. Ill. 2002).

Here, Progressive was not diligent in raising its belated affirmative defense.  Progressive has tendered a letter from August 2005 in which it denied coverage for one of the settlements at issue.  [Dkt. 57-1.]  In that letter, Progressive specifically objected to the settlement of the claim as "unreasonable."  [*Id.* at 9.]  Thus, even though Community Bank produced a large batch of documents in July 2009 about the settlements, Progressive had long before flagged unreasonableness as a potential defense—and one that Progressive should have included in its original Answer back in October 2008.  Furthermore, Community Bank correctly notes that Progressive's Motion fails to identify when, exactly, it reviewed the document(s) from that production that caused it to (re)discover the possible unreasonableness of the settlements as an issue in this case.  Knowing when Progressive claims to have made that discovery is important, because even far shorter delays than the nine months at issue here can be too long.  *See Mings v. Wal-Mart Stores, Inc.*, 2005 U.S. Dist. LEXIS 757, *12 (S.D. Ind. 2005) (forty-five days).

Additionally, permitting the amendment of the case management plan would allow Progressive to take inconsistent positions at its convenience, resulting in potential prejudice to Community Bank.  Community Bank has sought discovery into Progressive's reserve information.  Progressive has, however, refused to provide that information, claiming that it is irrelevant and privileged.  [*See* dkt. 47.]  Through the meet and confer process, Community Bank

- 3 -

accepted that because Progressive had not asserted an affirmative defense challenging the reasonableness of the settlements in question, the reserve information was not relevant. Community Bank therefore did not pursue that discovery further, though it did (prematurely) seek a ruling barring Progressive from asserting the defense at issue here.  [*See* dkts. 48, 50.] And while this issue was briefed in October, Progressive did not seek leave to amend until December.

The foregoing establishes that Progressive has failed to demonstrate the diligence necessary to satisfy the standards for modifying the case management plan.  The Court **DENIES** Progressive's Motion for Leave to file Amended Answer.

01/28/2010

Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF only**:

Keith G. Flanagan
CLAUSEN MILLER, P.C.
kflanagan@clausen.com

Laura Sue Reed
RILEY BENNETT & EGLOFF LLP
lreed@rbelaw.com

James W. Riley Jr.
RILEY BENNETT & EGLOFF LLP
jriley@rbelaw.com

Mary F. Schmid
STEWART & IRWIN
mschmid@stewart-irwin.com

Scott L. Schmookler
CLAUSEN MILLER, P.C.

- 4 -

sschmookler@clausen.com