UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| COMMUNITY BANK,<br>    *Plaintiff*, | )<br>)<br>) | |
| *vs.* | )<br>) | 1:08-cv-01443-WTL-JMS |
| PROGRESSIVE CASUALTY INSURANCE<br>COMPANY,<br>    *Defendant*. | )<br>)<br>)<br>) | |

## **ORDER**

Presently before the Court is Defendant Progressive Casualty Insurance Company's "Motion for Reconsideration of the Court's April 10, 2010 Order (Dkt. # 67)." [Dkt. 74.]

### **BACKGROUND**

Progressive seeks relief from a recent order that held Community Bank had failed to take reasonable precautions to avoid disclosure of allegedly privileged documents from Stephen Cook, its former counsel.[1] But the order also held that because Progressive had relied on the documents in a then-pending summary judgment motion, after it knew Community was claiming inadvertent disclosure but before that claim was resolved, Progressive had violated Federal Rule of Civil Procedure 26(b)(5)(B) ("After being notified [of a claimed inadvertent disclosure], a party must promptly return, sequester, or destroy the specified information and any copies it has; [and] must not use or disclose the information until the claim is resolved…."). The Court therefore prevented Progressive from using the documents as substantive evidence, but noted they could be used for impeachment purposes. [Dkt. 67 p. 8.] Progressive apparently disagreed

---

[1] Progressive misstates the Court's ruling as holding the documents weren't privileged. The court did not rule on that issue, but instead held the documents were produced in discovery under circumstances where Community could not claim the protections for inadvertent disclosure under Federal Rule of Evidence 502.

- 1 -

with the magistrate judge's ruling, [*see* dkt. 69 at 15], but did not object to it under Federal Rule of Civil Procedure 72(a). For that matter, Community did not file any objection to the magistrate judge's ruling either.

## DISCUSSION

In response to the magistrate's ruling, Progressive withdrew and re-filed its Motion for Summary Judgment without reliance on the contested documents, but also predicted they may become at issue depending on Community's response to its motion. *Id.* One of the bases for Progressive's Motion for Summary Judgment is that before Community applied for its Entity Endorsement, Community knew of the claims against it by the TFA parties for which it now seeks coverage. Known claims are excluded from coverage according to Progressive. The factual predicate of Progressive's argument is an affidavit of counsel for the TFA parties, in which counsel testified that he notified Community's outside counsel, Stephen Cook, of the potential for litigation against Community before the policy effective date. [Dkt. 68-10 at 2.]

Community responded to Progressive's Amended Motion for Summary Judgment with statements by its officers that Community was unaware of the threat of litigation before it purchased the policy. [Dkt. 72-1, 72-6, 72-7.] From Progressive's point of view, Community's response, as predicted, has resurrected the issue of the use of the contested documents. Some of those documents are Community's counsel's notes that allegedly document the threatened litigation before the effective date of the policy. So, Progressive argues, the notes impeach the statements proffered by Community and should be considered by the Court in ruling on the Motion for Summary Judgment. Progressive seeks the Court's blessing that the impeachment exception in the Court's earlier ruling is now implicated.

Community counters that even if impeaching, the notes can do little more than raise an issue of fact.  And the existence of a genuine issue of material fact would be fatal to Progressive's summary judgment argument on this issue of prior notice of the TFA claims.

Unfortunately, Progressive has not presented the Court with the precise documents or testimony it seeks to introduce in order for an informed decision to be made as to whether they are impeaching and thus fall within the exception created in the original ruling.  And the Court is persuaded by Community's argument that even impeaching documents will likely do no more than raise a fact issue as to the credibility of Community's officers' testimony, an issue ill-suited for resolution on summary judgment.  At this stage, Community is entitled to the benefit of all inferences in its favor.

A motion to reconsider must be based on the need "to correct manifest errors of law or fact or to present newly discovered evidence."  *Caisse Nationale de Credit Agricole v. CBI Indus.*. 90 F.3d 1264, 1269 (7th Cir. 1996); *Murray v. Conseco, Inc*.**,** 2009 U.S. Dist. LEXIS 37401, \*\*6-7 (S.D. Ind. 2009).  Because the evidence would seemingly do no more than raise an issue of fact, the magistrate judge finds no manifest error in maintaining the earlier ruling prohibiting Progressive from using the evidence from Stephen Cook in presenting its motion for summary judgment.[2]

However, at the time of the earlier ruling, Community's factual response to Progressive's notice argument was not of record.  Because Community is maintaining a position that may be contrary to its counsel's records, should the case survive a summary judgment ruling (Progressive has also raised alternative bases to avoid coverage), the magistrate judge will

---

[2] The motion for summary judgment is now fully briefed, and then some.  [Dkt. 69 Brief in Support, dkts. 71 and 72 Response in Opposition and related Appendix of Exhibits, dkt. 82 Reply Brief, dkt. 84 Surreply.]

reconsider her earlier ruling.  Progressive may affirmatively introduce evidence including the testimony Community's former counsel, Stephen Cook, and his notes on the issue of notice of the threat of litigation by the TFA entities.  The parties have put the matter squarely at issue, and its resolution may well require credibility determinations best made without procedural limits on the fact finder's truth-seeking function.

## CONCLUSION

Progressive's Motion to Reconsider is **GRANTED IN PART** and **DENIED IN PART**.  The Motion is denied as to the use of the evidence from attorney Stephen Cook in support of Progressive's Motion for Summary Judgment, but granted to the extent Progressive may affirmatively introduce evidence from Cook or his files on the issue of notice of the threat of litigation by the TFA entities.

06/14/2010

Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF only:**

Keith G. Flanagan
CLAUSEN MILLER, P.C.
kflanagan@clausen.com

Laura Sue Reed
RILEY BENNETT & EGLOFF LLP
lreed@rbelaw.com

James W. Riley Jr.
RILEY BENNETT & EGLOFF LLP
jriley@rbelaw.com

Mary F. Schmid
STEWART & IRWIN

- 5 -

mschmid@stewart-irwin.com

Scott L. Schmookler
CLAUSEN MILLER, P.C.
sschmookler@clausen.com